**Ronnie HOLMAN, Plaintiff–Appellee,**

**v.**

**Steve CAYCE, Defendant–Appellant.**

**No. 88–5161.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 8, 1988.

Decided May 2, 1989.

James D. White, Jr., Reneau & Reneau, Celina, Tenn., for plaintiff-appellee.

Ernest D. Bennett, III, Sparta, Tenn., for City of Sparta, Tenn.

Ernest D. Bennett, III, Sparta, Tenn., for Carl Dilldine.

John E. Acuff (argued), Barnes & Acuff, Cookeville, Tenn., Robert H. Watson, Jr., Watson & Emert, Knoxville, Tenn., for Steve Cayce.

Before MARTIN, JONES and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

The only issue presented on appeal in this civil action is whether a police officer, who refused to reveal the identity of his confidential informant, was properly held to be in contempt of court. Because the identity of the informant was protected from discovery by the "informer's privilege," we reverse the district court's order.

I.

Defendant, Steve Cayce, is a police officer for the City of Sparta, Tennessee. Acting upon information received from an informant, he was waiting in an unoccupied residence when plaintiff, Ronnie Holman, attempted to burglarize it. Cayce shot Holman in the course of apprehending him. After Holman was convicted of burglary and served a prison sentence, he filed this action for damages, pursuant to 42 U.S.C. § 1983, claiming the shooting violated his constitutional rights.

When Cayce refused to identify his informant, Holman sought to compel discovery. Although the trial court denied Holman's motion because "the relevancy of such information was not sufficiently proved by the plaintiff," the court went on to order Cayce to provide the informant's identity to his attorney, who was in turn to obtain the affidavit of the informant, including "all relevant information disclosed to Cayce by his informant," and submit it to the district

court for filing "after the case is disposed of" to be "forwarded to the Court of Appeals" in the event of an appeal. In a later memorandum order, the district judge said he had reasoned that the informant might provide relevant information regarding Cayce's state of mind at the time he used force to prevent Holman's escape, and the judge wanted the affidavit submitted under seal, for review.

When the court ascertained that the informant's affidavit had not been filed, the court conducted a hearing and held Cayce in contempt.

The trial resulted in a jury verdict for the defendants, from which no appeal has been taken. Subsequently, the court entered the order finding Cayce in contempt, which is now before this court on appeal.

## II.

Fed.R.Civ.P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, *not privileged,* which is relevant to the subject matter involved in the pending action." (Emphasis supplied.)

 Among the evidentiary rules of privilege said to be uniquely available to the government is its privilege to withhold from disclosure the identity of persons who furnish to law enforcement personnel information concerning violations of law. *Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). *See also* 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2019 (1970). By preserving their anonymity, the privilege fosters the public's interest in effective law enforcement by encouraging citizens to communicate to the government information regarding the commission of crimes. *United States v. Whitley,* 734 F.2d 1129, 1137 (6th Cir.1984) (citing *Roviaro,* 353 U.S. at 59, 77 S.Ct. at 627). Although originally applied in the context of criminal proceedings, the "informer's privilege" is also applicable in civil cases. *See Hampton v. Hanrahan,* 600 F.2d 600, 637 (7th Cir.1979), *rev'd on other grounds,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); 8 Wright & Miller § 2019. The privilege is not an absolute one; its limit is found by balancing "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro,* 353 U.S. at 62, 77 S.Ct. at 629. Whether, in balance, the public policy favoring nondisclosure will be outweighed by a party's interest in obtaining disclosure, will depend upon the particular circumstances of each case. *Id.*

In balancing those competing interests in the context of a criminal case, courts must consider "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro,* 353 U.S. at 62, 77 S.Ct. at 629. When the informant has not been "an active participant in the events underlying the defendant's potential criminal liability," the balance weighs heavily toward nondisclosure. *United States v. Sharp,* 778 F.2d 1182, 1186 n. 2 (6th Cir.1985), *cert. denied,* 475 U.S. 1030, 106 S.Ct. 1234, 89 L.Ed.2d 342 (1986); *see also United States v. Skeens,* 449 F.2d 1066, 1071 (D.C.Cir. 1971) (collecting cases).

In the context of civil litigation, the emphasis shifts from consideration of whether disclosure is necessary to an accused's defense to whether disclosure is essential to the fair determination of a party's cause. Since the guilt or innocence of a criminal defendant may be viewed as "qualitatively more significant" than the outcome of civil litigation, that difference in significance is a factor to be considered when the privilege is asserted in a civil proceeding. *Hampton,* 600 F.2d at 637 n. 40. But this distinction should be treated only as one of the factors utilized in a *Roviaro* balancing; it does not, by itself, warrant our saying that a higher standard of justification must be satisfied in civil cases in order for an exception to the privilege to be recognized, since it cannot be said that all civil cases are less significant than all criminal cases. *Id.* Nonetheless, while the standard is said to be no different whether the privilege is sought to be invoked in a civil or criminal proceeding, as a practical matter, consideration of the circumstances involved in civil litigation will usually mean that the privi-

lege is less likely to give way in a civil action. 8 Wright & Miller, § 2019.

 Thus, where the informant was neither a witness to nor an active participant in the conduct which gave rise to the civil cause of action, the party seeking to compel disclosure of the identity of a confidential government informant will shoulder a formidable burden in establishing a justification for overriding the privilege. Normally, that can be accomplished only by a compelling demonstration that the information sought from the informant is likely to influence the outcome of the case or is essential to the party's preparation for trial.

 Here, Holman failed to make a compelling demonstration that the name of the informant was relevant to the outcome of his civil rights action. There was no indication that the informant was an active participant in the burglary or a witness to it.

Accordingly, any balancing analysis begins with the scales tipped in favor of nondisclosure. Holman was not asserting that disclosure was necessary in order for him to effectively defend himself against the serious criminal charge of burglary. Instead, he was seeking disclosure in the context of a civil case based upon his claim that Cayce used excessive force in preventing his escape from the scene of the burglary. Obviously, the context giving rise to the alleged need for this information was vastly different in the civil case. Indeed, Holman's need for the information was so speculative that the trial judge concluded that the information was not relevant to the proof of his case. Certainly, then, considerations of fairness do not compel the conclusion that the public's interest in effective law enforcement was outweighed by a demonstration that the privilege must yield in order that Holman obtain information essential to a fair determination of his cause. The trial court's subsequent suggestion that the affidavit may have revealed relevant information is simply too tenuous to provide a compelling basis to overcome the privilege. Finally, the trial court's expressed concern for establishing a record has been rendered moot by Holman's failure to appeal.

Because we conclude that the surrounding circumstances weighed in favor of nondisclosure, the identity of Cayce's confidential informant was privileged matter, and the trial judge improperly imposed contempt sanctions.

### III.

For the foregoing reasons, the order of the district court is reversed.