**UNITED STATES, Appellee,**

v.

**ONE 1986 CHEVROLET VAN, etc., Defendant, Appellee.**

**Edward H. Marshall, Claimant, Appellant.**

**No. 90–1332.**

United States Court of Appeals, First Circuit.

Heard Nov. 9, 1990.

Decided March 4, 1991.

Anthony M. Traini, for claimant, appellant.

Michael P. Iannotti, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., was on brief, for appellee.

Before BREYER, Chief Judge, BROWN,* Senior Circuit Judge, and CAFFREY,** Senior District Judge.

* Of the Fifth Circuit, sitting by designation.

** Of the District of Massachusetts, sitting by designation.

CAFFREY, Senior District Judge.

This is an appeal of a judgment and order of the United States District Court for the District of Rhode Island [1], rendered after a non-jury trial, forfeiting a 1986 Chevrolet Van, owned by Edward H. Marshall ("Claimant") to the United States of America. On appeal, Claimant challenges the forfeiture judgment on three grounds. First, Claimant argues that the trial court erred in relying on hearsay in rendering its judgment for the United States. Second, Claimant argues that the trial court should have ordered the government to reveal the name of the informant referred to in the affidavit in support of the search warrant for the defendant vehicle. Third, Claimant argues that the district court lacked subject matter jurisdiction over the action. After hearing Claimant's arguments and reviewing the record, we affirm the district court's judgment of forfeiture.

### I.

On October 14, 1988, Detective Robert J. Sylvia of the Middletown Police Department applied for, and obtained, two State of Rhode Island search warrants from Judge Paul J. DelNero. One warrant was for the Claimant's house, and the second was for the defendant vehicle, a 1986 Chevrolet Van, vehicle identification number 2GCCG15N6G4136861. The warrants were issued after an informant made a controlled purchase of marijuana from the Claimant at the defendant vehicle sometime between September 3 and October 13, 1988. On the same day the warrants were issued, Detective Frank Campagna, Jr. and other members of the Middletown Police Department executed both search warrants at Claimant's residence. According to Detective Campagna's testimony at trial, he and a patrolman performed the search of the van, a search which uncovered two loaded guns, bullets, two clear plastic bags containing a brown leafy substance, and two hand-rolled cigarettes. In addition, a later search of Claimant produced $2,876 in cash.[2]

The Middletown police seized the van, and on November 7, 1988, referred it to the Drug Enforcement Administration of the United States Department of Justice ("DEA") for the institution of an administrative forfeiture action. The DEA sent a notice to the Claimant advising him of the seizure. Claimant then filed a claim and cost bond, and the matter was referred to the United States Attorney. On November 23, 1988, the Claimant, as the defendant in the state criminal case for possession of marijuana, filed a motion to restore, which requested the return of his van. Subsequently, on April 20, 1989, the United States filed a verified complaint for forfeiture in rem in the District Court for the District of Rhode Island against the defendant van. At the same time, the court, by way of a magistrate, issued a warrant of arrest and notice in rem.

On May 8, 1989, the United States Attorney received Claimant's claim of ownership interest in the defendant van. Shortly thereafter, on May 22, Claimant filed a motion to dismiss the complaint, arguing that it lacked particularity under Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The district court denied this motion. The Claimant then filed a motion to dismiss for lack of subject matter jurisdiction on December 4, 1989, which motion the court also denied. Thus, the case went to trial, without a jury, and the court ordered that judgment enter in favor of the plaintiff, forfeiting the van to the United States.

### II.

The first issue presented by appellant is whether the district court erred in relying on hearsay in determining that probable cause existed. Specifically, Claimant challenges the admission of a toxicology report verifying that the substance was marijuana, and the admission of Offi-

---

1. Honorable Francis J. Boyle, United States District Judge, presiding.

2. The district court determined that the government had not met its burden of proving that there was probable cause to believe that the money was subject to forfeiture.

cer Sylvia's affidavit containing statements of the unknown informant. The existence of probable cause is a question of law, and as such, is subject to plenary review. *United States v. Parcels of Land*, 903 F.2d 36, 41 (1st Cir.); *United States v. $250,000 in United States Currency*, 808 F.2d 895, 897–98 (1st Cir.1987).

■ Under 21 U.S.C. § 881, property that is used in connection with a violation of federal drug laws is subject to forfeiture to the United States.[3] *United States v. Parcel of Land & Residence at 28 Emery St.*, 914 F.2d 1, 3 (1st Cir.1990); *United States v. Parcels of Land*, 903 F.2d at 38; *$250,000 in United States Currency*, 808 F.2d at 897. Section 881(d) directs that 19 U.S.C. § 1615 governs the burden of proof in a forfeiture action. *$250,000 in United States Currency*, 808 F.2d at 897. Section 1615 provides that the government must show probable cause to believe that the property was used in an illegal drug transaction. *Parcel of Land & Residence at 28 Emery St.*, 914 F.2d at 3; *$250,000 in United States Currency*, 808 F.2d at 897. Thus, to meet this burden, the government must demonstrate a reasonable ground for its belief in guilt, "supported by less than prima facie proof, but more than mere suspicion." *$250,000 in United States Currency*, 808 F.2d at 897 (quoting *United States v. $364,960*, 661 F.2d 319, 323 (5th Cir.1981)). Once the government has made a showing of probable cause, the burden shifts to the Claimant to prove by a preponderance of the evidence that the property was not involved in illegal drug activity. *$250,000 in United States Currency*, 808 F.2d at 897; *Parcel of Land & Residence at 28 Emery St.*, 914 F.2d at 3.

■ Claimant concedes the well-established principle that hearsay may be used by the government to show probable cause. *See Parcel of Land & Residence at 28 Emery St.*, 914 F.2d at 5; *United States v. Parcels of Real Property With Bldg.*, 913

F.2d 1, 3 (1st Cir.1990); *Parcels of Land*, 903 F.2d at 38; *United States v. Pole No. 3172, Hopkinton*, 852 F.2d 636, 639 (1st Cir.1988); *United States v. One 1974 Porsche 911–S*, 682 F.2d 283, 285 (1st Cir. 1982). Claimant asserts, however, that hearsay evidence cannot be the sole basis for the government's showing of probable cause. In making this argument, Claimant asks this court to ignore our statement in *$250,000 in United States Currency* that "[t]his showing can be made wholly with otherwise inadmissible evidence." 808 F.2d at 899.

■ As explained in *United States v. $250,000 in United States Currency*, the only concern of the district court regarding the admission of hearsay evidence is whether the evidence is reliable. *Id.* We are satisfied that the toxicology report and affidavit are reliable and were therefore properly admitted into evidence at the forfeiture trial. First, there is a substantial basis for crediting the reliability of the report. At trial, Officer Campagna identified the report as the one that he filled out, sent to the Rhode Island Toxicology Laboratory and received back with a result. There is no basis to question that report's determination that the substance found in Claimant's van was cannabis. Second, although the affidavit clearly constitutes hearsay, the court was warranted in crediting its reliability given that the affidavit was sworn to by Detective Sylvia, one of two detectives who received information from the informant.

■ In addition to the fact that the hearsay evidence contained indicia of reliability, the Claimant's argument is faulty given that hearsay did not constitute the sole basis for the court's finding of probable cause. The government offered the testimony of Officer Campagna, Jr., one of the officers who conducted the actual search of the van. Officer Campagna testified that he discovered three plastic bags and a

---

**3.** Section 881 states in relevant part that "(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them: ... (4) All conveyances, including ... vehicles ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [drugs and drug-related property]."

small container, all of which contained a brown, leafy substance, and two hand-rolled cigarettes. In addition, Officer Campagna testified that the search of the defendant van also uncovered a loaded automatic Larmar 380, a loaded, twenty-two caliber revolver, and a bag containing ten, twenty-two caliber bullets. Thus, the government produced non-hearsay evidence, in addition to the toxicology report and the affidavit, to demonstrate probable cause to believe that the van was used to facilitate the possession with intent to distribute marijuana. For all of these reasons, therefore, the district did not err in admitting into evidence the report and the affidavit.

Claimant's second argument on appeal is that the trial court erred in refusing to disclose the identity of the informant referred to in the affidavit in support of the search warrant. Claimant did not request the name of the informant until the government had rested its case at trial. The trial court denied Claimant's request in light of the fact that Claimant made no effort through discovery to obtain the informant's name. Claimant contends that the controlled purchase that the informant participated in constituted the predicate for the forfeiture of the van. It was only when the government rested its case, he argues, that he realized that the government was not going to call as a witness the affiant, Detective Sylvia, and that there was no other witness who could testify to the circumstances surrounding the controlled purchase.

 The government's privilege to withhold the identity of informants is well established. *See Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957); *United States v. Bailey*, 834 F.2d 218, 222 (1st Cir.1987); *United States v. Hemmer*, 729 F.2d 10, 15 (1st Cir.), *cert. denied*, 467 U.S. 1218, 104 S.Ct. 2666, 81 L.Ed.2d 371 (1984). This privilege, however, is a qualified one. To determine the privilege's applicability, the Supreme Court has set forth a balancing test whereby the public's interest in protecting the flow of information and the personal safety of the informant is weighed against the individual's need for the informant's identity. *Roviaro*, 353 U.S. at 62, 77 S.Ct. at 628. The burden is on the Claimant to demonstrate the need for disclosure. *United States v. Estrella*, 567 F.2d 1151, 1153 (1st Cir.1977); *United States v. Whitney*, 633 F.2d 902, 911 (9th Cir.1980), *cert. denied*, 450 U.S. 1004, 101 S.Ct. 1717, 68 L.Ed.2d 208 (1981). Thus, the applicability of the privilege will depend on the circumstances of each case. *Roviaro*, 353 U.S. at 62, 77 S.Ct. at 628; *Estrella*, 567 F.2d at 1153.

 The privilege, moreover, applies in criminal as well as civil cases, and therefore applies to the present civil forfeiture action. *Holman v. Cayce*, 873 F.2d 944, 946 (6th Cir.1989); 2 J. Weinstein, Weinstein's Evidence ¶ 510[15] (1989). In a civil case, however, the question is not whether the informant is necessary to the accused's defense, but whether it is essential or vital to a fair determination of the party's claim. *Holman*, 873 F.2d at 946; *see United States v. Martinez*, 922 F.2d 914, 921 (1st Cir.1991). Although the privilege is of equal importance and weight in both types of cases, the privilege is less likely to yield in a civil case because the informant's identity is not usually essential to the preparation of a civil case. *Holman*, 873 F.2d at 946–47; Wright & Miller, Fed.Practice and Procedure: Civil 2d § 2019 (1970).

 Against this background, we turn to a consideration of the trial court's refusal to require the disclosure of the informant's identity. On the one side of the balance is the government's strong interest in protecting the flow of informant information about drug transactions. *See United States v. Martinez*, 922 F.2d at 920 (1st Cir.1991); *United States v. Glen–Archila*, 677 F.2d 809, 817 (11th Cir.), *cert. denied*, 459 U.S. 874, 103 S.Ct. 165, 74 L.Ed.2d 137 (1982). On the other side of the balance is Claimant's interest in exploring at trial the circumstances surrounding the controlled purchase of drugs. We find that this balance tips decidedly in favor of non-disclosure. The government's forfeiture action did not rely on the controlled purchase, but on the government's search of the van

which uncovered two bags of marijuana, two loaded handguns, bullets and hand-rolled cigarettes. Although the trial court may have considered the circumstances of the controlled purchase in arriving at its finding of probable cause for forfeiture, the evidence discovered as a result of the search alone would suffice to establish probable cause that the van was used to facilitate the possession and distribution of marijuana. *See United States v. One 1980 Red Ferrari*, 875 F.2d 186, 188 (8th Cir. 1989); *United States v. One 1986 Mercedes Benz*, 846 F.2d 2, 4 (2d Cir.1988); *United States v. One 1974 Cadillac Eldorado Sedan*, 548 F.2d 421, 425 (2d Cir.1977). Thus, Claimant's need to explore the informant's involvement in the controlled purchase is minimal. In this way, the informant is akin to a tipster, as he or she provided information, but was not involved in the event underlying the forfeiture, namely, the search and seizure of the van. *See United States v. Martinez*, 922 F.2d at 920–21 (1st Cir.1991); *Hemmer*, 729 F.2d at 15; *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir.1987); *Holman*, 873 F.2d at 946.

In addition, the fact that Claimant waited until the close of the government's case suggests that disclosure of the informant was not essential to the preparation of his case. In fact, Claimant made no attempt through discovery to obtain the informant's name, nor did he subpoena Detective Sylvia, the affiant. Although the timing of the request alone is not a bar to disclosure of an informant's identity, in this case, it indicates that even the Claimant did not feel that the circumstances surrounding the controlled purchase were necessary to his case. For these reasons, therefore, the trial court's refusal to disclose the informant's identity was warranted.

■ Claimant's third and final argument is that the district court lacked subject matter jurisdiction. The district court clearly had subject matter jurisdiction pursuant to 28 U.S.C. § 1355.[4] The real basis of Claimant's argument is the settled principle that a court cannot exercise jurisdiction over a *res* that is already subject to the *in rem* jurisdiction of another court. *See Penn Gen. Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935); *United States v. Winston–Salem/Forsyth County Bd. of Educ.*, 902 F.2d 267, 271 (4th Cir.1990); *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir.1989); *United States v. $79,123.49 in United States Cash and Currency*, 830 F.2d 94, 96 (7th Cir.1987); *Bergeron v. Estate of Loeb*, 777 F.2d 792, 798–99 (1st Cir.1985) (quoting *Princess Lida v. Thompson*, 305 U.S. 456, 465–67, 59 S.Ct. 275, 281, 83 L.Ed.2d 285 (1939)), *cert. denied*, 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986). According to this rule, the first court to exercise *in rem* jurisdiction over the *res* exercises jurisdiction to the exclusion of a second court that later attempts to proceed against the same *res*. The corollary of this rule is that if only one of the actions is *in rem*, and the other is *in personam*, the cases may proceed simultaneously. *$79,123.49 in United States Cash and Currency*, 830 F.2d at 97.

■ Claimant's argument that this rule deprived the district court of jurisdiction is unavailing. The state of Rhode Island never instituted a forfeiture action against the van. In fact, the only action in state court was the *in personam* criminal action against the Claimant for possession of marijuana. In contrast, a forfeiture action under section 881 is a civil *in rem* proceeding which is independent of any factually related criminal actions. *One 1974 Porsche 911–S*, 682 F.2d at 285. Thus, the federal court was the only court attempting to exercise *in rem* jurisdiction over the van, and therefore, properly exercised jurisdiction. *See One 1985 Cadillac Seville*, 866 F.2d at 1146 (district court properly exercised jurisdiction over car that had been seized by state officials where the car was not the subject of the state forfeiture complaint or of any state order). Contrary to

---

4. Section 1355 provides that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture...."

Claimant's contentions, this conclusion is not altered by the fact that the car was seized following a search conducted pursuant to a state search warrant. Likewise, we are not persuaded that the state court assumed *in rem* jurisdiction by virtue of Claimant's filing, as a defendant in the state criminal case, a motion to restore, especially in light of the fact that it was filed more than one month after he was notified that the van had been referred to the DEA for the institution of forfeiture proceedings.

Accordingly, the district court's judgment is hereby *affirmed.*