## State of Vermont v. David S. Terry

[621 A.2d 1285]

No. 91-524

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 15, 1993

*Thomas M. Kelly,* Drug Prosecutor, State's Attorneys and Sheriffs Department, Montpelier, for Plaintiff-Appellee.

*David J. Williams* of *Sleigh & Williams*, St. Johnsbury, for Defendant-Appellant.

*Jeffrey L. Amestoy*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for amicus curiae Office of Attorney General.

**Gibson, J.** Defendant appeals a decision of the Vermont District Court denying his motion for return of property brought pursuant to V.R.Cr.P. 41(e) and 57. He requests return of $2,820 that was seized from his person by Vermont state law enforcement officers at the time of his arrest but was subsequently the subject of a federal forfeiture proceeding. We affirm.

On March 2, 1989, the Vermont State Police executed a search warrant at the home of defendant and his girlfriend. At this time, defendant was arrested for simple assault and was searched incident to the arrest. Officers seized three-quarters of an ounce of marijuana and $2,820 found on his person. On April 3, 1989, defendant was arraigned on charges stemming from this incident.

State officials turned the $2,820 over to the federal Drug Enforcement Administration (DEA) on August 2, 1989. Defendant was duly notified of the seizure and the commencement of federal forfeiture proceedings brought pursuant to 21 U.S.C. § 881. He was informed that he could petition the DEA for return of the property or contest the forfeiture in federal court. Defendant filed a petition for remission or mitigation of forfeiture with the DEA. The property was declared forfeited on November 22, 1989, and defendant was notified by letter dated November 24, 1989, that his petition had been denied. No further action was taken in the federal proceedings.

On March 27, 1991, defendant pled nolo contendere in state court to a misdemeanor charge of possession of marijuana. He was fined and received a suspended sentence. On September 4, 1991, defendant filed a motion for return of the $2,820 in the Vermont District Court pursuant to V.R.Cr.P. 41(e) and 57. The court denied the motion without written decision on the grounds that it lacked jurisdiction over the res.

On appeal, defendant relies on the rule of prior exclusive jurisdiction enunciated in *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189 (1935), wherein the Court stated that the

first court to exercise in rem jurisdiction over a res "may maintain and exercise that jurisdiction to the exclusion of the other." *Id.* at 195. According to defendant, the Vermont District Court was the first court to exercise in rem jurisdiction over the $2,820; thus, he argues that the court retains jurisdiction to consider his current motion for return of property. Defendant relies on two theories to support his assertion that the Vermont District Court assumed in rem jurisdiction over the $2,820. He first argues that the court acquired in rem jurisdiction when the property was seized in executing a search warrant.* We find no support for this assertion.

In Vermont, under 18 V.S.A. §§ 4241–4248, state officials may file a petition in state court to commence a civil forfeiture proceeding. Like its federal counterpart, 21 U.S.C. § 881, a state forfeiture action is an in rem action against the property. See *United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1145 (9th Cir. 1989) ("A federal forfeiture action under 21 U.S.C. § 881 is an in rem action."). Here, however, no civil complaint was filed in state court against the $2,820 at issue. Thus, the state court did not obtain exclusive jurisdiction over the money. See *id.* at 1146 (federal court is not precluded from exercising jurisdiction in proceeding to forfeit automobile first seized by state authorities and then by DEA because it was not subject of state forfeiture proceeding or order); cf. *United States v. One 1979 Chevrolet C-20 Van,* 924 F.2d 120, 123 (7th Cir. 1991) (where state court had previously asserted jurisdiction in state forfeiture proceeding, federal court lacked jurisdiction to entertain federal forfeiture complaint).

In contrast to civil forfeiture proceedings, criminal proceedings are in personam. While the State may seize property as evidence for a criminal proceeding, neither the seizure nor the filing of an inventory in state criminal court establishes an in rem proceeding against the property. In *United States v. One 1986 Chevrolet Van,* 927 F.2d 39 (1st Cir. 1991), the defendant challenged the federal district court's jurisdiction to consider a

---

* The State maintains that the $2,820 was not seized pursuant to the warrant but rather in a search incident to arrest. For purposes of this appeal, we find this distinction irrelevant.

534

complaint for forfeiture on grounds that the state court had prior exclusive jurisdiction. The court of appeals ruled, however, that the state had never instituted a forfeiture action and that "the only action in state court was the *in personam* criminal action against the Claimant for possession of marijuana." *Id.* at 44. Because the federal district court was the only court attempting to exercise in rem jurisdiction, the appeals court held that it had properly considered the complaint. The court noted that "this conclusion is not altered by the fact that the car was seized following a search conducted pursuant to a state search warrant." *Id.* at 45.

■   Similarly, in the present case, no state forfeiture complaint was filed. Although the money was seized by state officials while executing a state search warrant, this does not establish in rem jurisdiction in state court. No state court exercised in rem jurisdiction over the $2,820 in this case; thus, the rule of prior exclusive jurisdiction is not applicable.

Second, defendant argues that the Vermont District Court acquired in rem jurisdiction because a motion for return of property under V.R.Cr.P. 41(e) is an in rem proceeding. He relies on *United States v. $2,542 in U.S. Currency*, 754 F. Supp. 378, 383 (D. Vt. 1990), in which the court held that the federal district court lacked jurisdiction to consider a complaint for civil forfeiture where the property at issue was the subject of a pending Rule 41(e) motion for return of property in state court. The federal court held that the Rule 41(e) proceeding was quasi in rem, thus invoking prior exclusive jurisdiction in the state court. *Id.* at 383. This case lends no support to defendant's position in the present case where the Rule 41(e) motion was filed almost two years after completion of the federal forfeiture proceeding.

Defendant relies primarily on two cases to support his position. In *United States v. Wright*, 610 F.2d 930 (D.C. Cir. 1979), after criminal charges were dismissed by the federal district court, appellants filed a motion for return of property that had been seized pursuant to a federal search warrant. The government argued that the federal district court lacked jurisdiction to order return of the money. The appellate court disagreed, stating that the federal district court had post-conviction jurisdiction to order return of property seized in executing a federal

warrant "'against which no Government claim lies.'" *Id.* at 934 (quoting *United States v. Wilson*, 540 F.2d 1100, 1103 (D.C. Cir. 1976)). As the *Wright* court noted, the general rule is that such property should be returned provided it is not stolen, contraband, or otherwise forfeitable, and provided it is not needed as evidence. *Id.* at 939.

*Wright* is not applicable in the instant case. It declares only that a criminal court has post-conviction jurisdiction to return property *not otherwise forfeitable*. As the property at issue in this case is forfeitable — indeed, it has been forfeited — *Wright* does not support defendant's position.

Defendant also relies on *Garmire v. Red Lake*, 265 So. 2d 2 (Fla. 1972), in which the court held that the criminal court retains jurisdiction to determine disposition of property confiscated and held for evidentiary purposes in matters pending before the criminal court. *Id.* at 4. Defense counsel attempted to recover legal fees by filing a replevin complaint against property that was being held as evidence in a pending criminal case. The court reasoned that it would seriously hamper the criminal process if evidence seized for criminal trial could be subject to recovery proceedings in civil courts. *Id.* at 4–5. *Garmire* is not on point, however, because, in contrast to the present case, the property at issue was not subject to a forfeiture proceeding, and it was evidence in a pending criminal case.

The instant case is more like *United States v. Hernandez*, 911 F.2d 981 (5th Cir. 1990), where the defendant sought return of his jewelry after his conviction. The jewelry had been the subject of a federal administrative forfeiture proceeding pursuant to 21 U.S.C. § 881. Defendant had received notice of the forfeiture proceedings and had filed a petition for remission or mitigation. The DEA denied his petition. He then filed a Rule 41(e) motion in federal district court for return of the property. On appeal, the court held that the district court had no jurisdiction to entertain the motion and noted that the proper place to contest the seizure was in the forfeiture proceeding. *Id.* at 983; see also *United States v. Price*, 914 F.2d 1507, 1508 (D.C. Cir. 1990) ("once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District Court has no jurisdiction to resolve the issue of return of property"); *Shaw v. United States,*

891 F.2d 602, 604 (6th Cir. 1989) (claimant who failed to pursue remedy in forfeiture proceeding was properly denied return of property under Rule 41(e)); *United States v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989) ("It is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a Rule 41(e) Motion, but filing a claim in the civil forfeiture action.").

██ We hold that the Vermont District Court lacks jurisdiction over this post-conviction Rule 41(e) motion for return of property because the property was previously the subject of a federal forfeiture proceeding. If property is not being held as evidence in a pending criminal case, and forfeiture proceedings have commenced, the proper forum to contest the seizure is in the forfeiture proceeding.

*Affirmed.*

**Johnson, J.,** concurring. I concur with the result in this case but write to emphasize what the decision does and does not mean. Our decision today forecloses state jurisdiction over a defendant's seized property only when federal forfeiture precedes a state in rem or quasi in rem proceeding involving the property. It does not mean that our state courts are always powerless to prevent the initiation of federal forfeiture proceedings. Rather, for a state court to properly take jurisdiction, a defendant must act in a timely fashion to bring a state in rem action. Here defendant waited two years after the federal seizure and forfeiture before seeking relief in state court. His action failed because he acted out of time, not because he chose the wrong remedy.

I agree with the Court that a criminal prosecution is an in personam proceeding and that seizure of defendant's property as part of that prosecution does not convert it to an in rem proceeding. In order to establish in rem or quasi in rem, two criteria must be satisfied: the res must be present in the jurisdiction, and a complaint involving the res must be filed in state court. See *Avery v. Bender*, 124 Vt. 309, 314–15, 204 A.2d 314, 317 (1964). A V.R.Cr.P. 41 motion for the return of property fulfills both criteria, see *United States v. $2,542 in United States Currency*, 754 F. Supp. 378, 382 (D. Vt. 1990) (V.R.Cr.P. 41(e) proceeding is quasi in rem), and consequently, timely filing of such

a motion establishes prior exclusive jurisdiction. *Id.* at 383. Thus, under our law, there is a race to the res, however undesirable that may be, and defendant can insure the state court's prior jurisdiction over the seized property by filing a timely Rule 41(e) motion. Federal forfeiture proceedings will be forestalled at least until the court decides the motion.