25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE HUNDRED THIRTY-FOUR THOUSAND NINE HUNDRED TWENTY DOLLARS
($134,920.00) IN UNITED STATES CURRENCY,
Defendant-Appellant.
 No. 93-5365.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1994.
 
 Before: KEITH AND BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Ronald Joseph Giacose ("Giacose") appeals from the district court's order enforcing a settlement agreement with the United States ("Appellee") concerning $134,920.00 seized during an authorized search. For the reasons stated below, we AFFIRM with respect to jurisdiction and the existence of an agreement, and REMAND for clarification of the distribution of interest.
 
 I.
 
 2
 On April 11, 1990, Tennessee Highway Patrol Trooper Hershel Marise ("Marise") stopped a motor home driven by Giacose in Memphis, Tennessee. Upon viewing the motor home's interior and noticing Giacose's nervousness, Marise requested consent to search the motor home. When Giacose refused, Marise called the station for a drug detector dog trained to sniff for cocaine, methadone and marijuana.
 
 
 3
 The dog alerted officers to the presence of controlled substances. Based on this information, Marise obtained a state search warrant authorizing the search of the motor home. Troopers discovered $134,920.00 in United States currency ("the currency") and a marijuana cigarette.
 
 
 4
 State troopers transported Giacose and the currency to the federal Drug Enforcement Administration ("DEA") office in Memphis, where DEA Special Agent Henry Baker ("Baker") interviewed Giacose. Giacose refused to claim the currency before consulting with his attorney. Baker then seized the currency for forfeiture pursuant to 21 U.S.C. Sec. 881, and gave Giacose a receipt.
 
 
 5
 Six months later, Appellee filed a Verified Complaint for Forfeiture pursuant to 21 U.S.C. Sec. 881(a)(6), alleging the currency was proceeds from violations of federal narcotic laws. Appellee filed a second complaint under 18 U.S.C. Sec. 981, which provides for forfeiture of proceeds resulting from transactions designed to avoid federal requirements that banks report transactions in excess of $10,000. Giacose answered both complaints, and the district court consolidated the cases for trial.
 
 
 6
 On September 1, 1992, Appellee offered to settle the matter by returning half the currency ($69,460.00), but left Giacose responsible for the collection of interest from the United States Marshal. On September 2, 1992, Giacose's attorney, Leslie I. Ballin ("Ballin"), sent a letter to counsel for the United States indicating his accurate understanding of the proposed settlement. On September 11, 1992, Giacose accepted the settlement offer. Giacose conditioned his acceptance, however, upon Appellee's promise not to "object to the Judge granting interest." On September 22, 1992, Ballin informed the United States of Giacose's withdrawal of his settlement acceptance.
 
 
 7
 On September 30, 1992, the Appellee filed a Motion to Enforce Settlement Agreement in the district court. Giacose responded, claiming the district court lacked jurisdiction over the currency and therefore could not enforce the settlement agreement. The district court disagreed, and entered orders enforcing the settlement agreement and dismissing the case. This timely appeal followed.
 
 II.
 
 8
 On appeal, Giacose argues the court below erred by: (1) assuming in rem jurisdiction over the currency; and (2) enforcing the settlement agreement. We discuss each allegation of error below.
 
 A.
 
 9
 Giacose first argues the district court improperly assumed in rem jurisdiction over the currency because the Tennessee state court had exclusive jurisdiction over the currency through state forfeiture laws and the issuance of a state search warrant. We disagree.
 
 
 10
 This court reviews a district court's conclusion regarding in rem jurisdiction de novo. United States v. One 1987 Mercedes Benz Roadster 560 SEC, 2 F.3d 241, 243 (7th Cir.1993). Only one court may exercise jurisdiction over a res at a time. Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 195 (1935); United States v. Certain Real Property, 986 F.2d 990, 993 (6th Cir.1993). This rule serves to "avoid conflicts in the administration of justice and the unseemliness of two courts varying simultaneously for control of the same property." Scarabin v. Drug Enforcement Admin., 966 F.2d 989, 994 (5th Cir.1992). The first court to exercise in rem jurisdiction over a particular res does so to the exclusion of other courts. United States v. One 1986 Chevrolet Van, 927 F.2d 39, 44 (1st Cir.1991); Certain Real Property, 986 F.2d at 993.
 
 
 11
 Giacose claims the state of Tennessee, rather than the federal government, possessed exclusive jurisdiction over the currency. According to Giacose, Tennessee had exclusive jurisdiction over the currency because a state search warrant was issued. Giacose cites Scarabin to support his argument. In Scarabin, a Louisiana state court issued a search warrant authorizing Louisiana deputy sheriffs to search for evidence of drug dealing at Scarabin's marina. Deputies found $12,360 in cash and filed it with the state district court clerk. Three days later, the local sheriff's office purchased a cashier's check with the $12,360 and gave it to the DEA. The Fifth Circuit later found the Louisiana state court, rather than the federal district court, had exclusive in rem jurisdiction over the $12,360.
 
 
 12
 This case, however, is distinguishable from Scarabin because there the DEA possessed a cashier's check rather than the actual currency. Here, the DEA unquestionably obtained physical possession of the currency. In fact, the day the currency was seized, the DEA obtained possession and notified Giacose of federal forfeiture proceedings. Additionally, in Scarabin, a Louisiana statute specified that a state court issuing a search warrant automatically retains jurisdiction over the res until the state judge disposes of it. La.Code Crim.Proc.Ann. art. 167 (West 1992). Here, despite Giacose's claims to the contrary, no comparable Tennessee statute exists.
 
 
 13
 Giacose maintains that Tennessee's forfeiture statute conferred jurisdiction upon Tennessee. See Tenn.Code Ann., Sec. 53-11-451(d) (1993).[1] Here, however, state agents never implemented any of the Tennessee procedures consistent with the initiation of a state forfeiture proceeding. Tennessee law requires state officials to give the possessor of property a receipt. Tenn.Code Ann. Sec. 53-11-201(a)(1). Here, a federal agent gave Giacose a receipt.
 
 
 14
 Here, state officials executed a state search warrant, and immediately transferred the res to the DEA. Absent a contrary state statute, the mere execution of a state search warrant does not vest in rem jurisdiction in the state court. See Certain Real Property, 986 F.2d at 994. We, therefore, find the district court correctly concluded in this case that Tennessee forfeiture proceedings were not instituted by the signing of a search warrant.
 
 
 15
 Further, even where the property is seized pursuant to a state search warrant, where the federal court is the only court attempting to exercise in rem jurisdiction over property and the state never institutes a forfeiture action, the federal court's exercise of jurisdiction is proper. See Chevrolet Van, 927 F.2d at 44-45. Tennessee neither attempted to exercise in rem jurisdiction over the currency nor instituted a forfeiture action. We therefore find that although the currency was obtained pursuant to a Tennessee search warrant, the federal district court properly exercised in rem jurisdiction.
 
 B.
 
 16
 Giacose next maintains because there was no meeting of the minds about the distribution of interest, the district court improperly enforced the settlement agreement. According to Giacose, the parties never agreed on the distribution of interest. Specifically, Giacose argues his acceptance was predicated on "the understanding (he) would receive interest on the full amount of" the currency, and that the district court thus erred by enforcing the agreement. We disagree.
 
 
 17
 Both parties acknowledge the government offered half the principle, or $67,460.00, and that Giacose initially retained responsibility for collecting interest from the U.S. Marshal. Giacose later conditioned his acceptance upon the government's promise not to "object to the Judge granting interest."
 
 
 18
 We have long recognized that district courts retain "broad, inherent authority and equitable power" to enforce settlement agreements. See Bostick Foundry v. Lindberg, Div. of Sola Basic, 797 F.2d 280, 282-283 (6th Cir.1986) cert. denied, sub nom., Dakmak v. Lindberg. Div. of Sola Basic Industries, Inc., 479 U.S. 1060 (1987) (citation omitted). Here, the district court determined there was an offer, acceptance and meeting of the minds, and that an enforceable agreement existed. Although we find the district court did not abuse its broad inherent authority by enforcing the agreement, we believe the district court's order inadequately explains the distribution of interest. We therefore REMAND for further findings by the district court.
 
 III.
 
 19
 For the foregoing reasons, we AFFIRM the district court's exercise of jurisdiction and determination that an enforceable agreement existed, and REMAND for clarification of the terms of the agreement concerning interest distribution.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Tenn.Code Ann., Sec. 53-11-451(d) states:
 Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the director (of the Tennessee Bureau of Investigation) or the director's authorized representative, agent or employee, the commissioner or the commissioner's authorized representative, agent or employee, or a sheriff, deputy sheriff, municipal law enforcement officer, or constable, subject only to the orders and decrees of the circuit or criminal court.