### In re MOTION FOR RETURN OF PROPERTY SEIZED FROM 3585 BROADWAY, NEW YORK, NEW YORK

No. 93–945.

United States District Court, S.D. New York.

June 14, 1993.

Nancy Northrup, Asst. U.S. Atty., for U.S.

Ismael Gonzalez, New York City, for claimant Anthony Bryant.

## MEMORANDUM

GRUBIN, United States Magistrate Judge:

The government's motion to vacate the May 10, 1993 order of the Honorable Barbara A. Lee is hereby denied.

On April 28, 1993, pursuant to a search warrant issued by the Honorable Kathleen A. Roberts, IRS agents seized from the A.C.A. Anthony V. Bryant Corp. ("Bryant"), a tax preparation business, virtually all its property, including written records, computers, diskettes and photocopiers. On May 7 Bryant filed a motion pursuant to Fed. R.Crim.P. 41(e) for the return of the seized property, claiming that it could not continue in business without it and was suffering irreparable harm. On May 10 oral argument on the motion was heard by Judge Lee, after which Judge Lee, on that date, ordered that certain property (photocopiers) be returned by May 24 and certain additional property (computer hardware) by June 9.[1] Despite the court's order, the government returned no property by May 24. On May 28 the government commenced administrative forfeiture proceedings by publishing a notice of seizure and personally serving Bryant with it. On June 8 the government filed a motion, returnable June 9, to vacate Judge Lee's order on the ground that the commencement of the administrative forfeiture proceedings removes a court's jurisdiction over a Rule 41(e) motion and "[t]hus the Court no longer has jurisdiction to enforce the Rule 41(e) order to return the seized property...." Government's Memorandum of Law in Support of Motion, dated June 8, 1993, p. 6. The matter came on for oral argument before me on Friday, June 11. To date, the government has returned no property to Bryant.

1. The parties agreed that the government would make the documentary material seized available to Bryant for copying and has subsequently offered to make the diskettes and computer backup also available for copying.

2. That the government indicated its intention to commence forfeiture proceedings to Bryant on May 4 and to Judge Lee on May 10 is of no

No criminal proceedings have been commenced against Bryant.

■ It is correct that "once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(e) motion" because the claimant at that time is afforded an adequate remedy at law. *United States v. One 1987 Jeep Wrangler,* 972 F.2d 472, 479 (2d Cir.1992). However, in the instant case, the court had already ruled on the motion and ordered the return of certain property before that circumstance came to be. That order was issued on May 10, requiring the return of property by May 24 and June 9. It was not until May 28 that the government commenced the administrative forfeiture proceeding. The government's commencement of forfeiture proceedings subsequent to the issuance of a valid order at a time when the court indisputably had jurisdiction to issue it does not nullify that order.

■ The government has cited no authority to support its proposition that the commencement of administrative proceedings after issuance of a ruling on a Rule 41(e) motion somehow renders that adjudication null and void, nor would it make sense for there to be any. All the cases cited by the government involved instances in which the administrative proceedings were commenced prior to any adjudication on a Rule 41(e) motion. Thus, the claimants there were afforded an adequate forum in which to contest the seizures and seek the return of their property and no longer needed the equitable jurisdiction of the Rule 41(e) court to hear the matter. Here, however, the matter was already heard and adjudicated at a time before that remedy at law was made available.[2] Contrary to the government's contention, the court does not lose jurisdiction to enforce its order by the subsequent commencement of

relevance. It is only the formal notice of seizure and attendant actions that commence proceedings and afford a claimant his remedy. *Onwubiko v. United States,* 969 F.2d 1392, 1398 (2d Cir.1992); *In re Mayo,* 810 F.Supp. 121, 123–24 (D.Vt.1992); *see also Floyd v. United States,* 860 F.2d 999, 1008 (10th Cir.1988).

administrative proceedings. The court had already decided the matter. Indeed, courts retain ancillary jurisdiction in cases originally filed with them to enforce their orders, judgments and decrees. *See, e.g., In re Unioil,* 948 F.2d 678, 682 (10th Cir.1991); *M. Prusman, Ltd. v. Ariel Maritime Group, Inc.,* 781 F.Supp. 248, 252 (S.D.N.Y.1991).

Not only has the government attempted to nullify the order of this court by its subsequent commencement of administrative proceedings, but it has seen fit not to comply with that order. The order required the return of certain property by May 24. It was not until May 28 that the government commenced proceedings, and not until June 8 that it filed its motion to vacate the court's order. At no time did it seek a stay of that order; it simply unilaterally gave itself a stay.

The government shall return the property as required by Judge Lee's order by the close of business on June 16, 1993.