STATE of Vermont v. Diane Jesse Lynn KORNELL a/k/a Diane Gentlewolf, Diane Viemeist

[741 A.2d 290]

No. 98-226

August 24, 1999. Defendant appeals the district court's order dismissing for lack of jurisdiction her motion to compel return of property. We reverse and remand the matter for further proceedings.

In July 1993, pursuant to a search warrant, a humane officer accompanied by several police officers seized eighteen dogs, twelve rabbits, and four sheep from defendant's home pursuant to 13 V.S.A. § 354(b)(2) (humane officer having probable cause to believe that animal is being subjected to cruel treatment may apply for search warrant to authorize officer to seize animal). Shortly thereafter, defendant was arraigned on three counts of cruelty to animals, simple assault on a police officer, and impeding a police officer. The State arranged for the Windham County Humane Society to care for the animals. See *id.* § 354(c) ("A humane officer shall provide suitable care at a reasonable cost for an animal seized under this section, and have a lien on the animal for all expenses incurred."). In March 1994, in response to defendant's motion for return of property, the district court terminated the State's right to retain possession of the animals, but acknowledged that it was not adjudicating any rights of possession that might exist by virtue of the lien created under § 354. In November 1994, after noting that the State sought no further jurisdiction over the animals, the district court directed the State to return them "to restore the animals to their proper owners or keepers according to law." In March 1995, in response to the humane society's motion for disposition of the animals, the district court ruled that it was not the proper forum to resolve the parties' rights to the animals under § 354. In February 1996, the district court granted defendant's motion to suppress, ruling that the search warrant had been unlawfully based on the humane officer's misleading description of the circumstances concerning defendant's care of the animals. The State then agreed to the dismissal of all charges.

Following dismissal of the charges, defendant and the humane society pursued

in superior court the question of whether defendant would have to pay for the society's care of the animals over the previous three years. In July 1996, the superior court ruled that because the State did not lawfully seize the animals under § 354, and because the humane society's claim to a lien under § 354 derived from the State's unlawful seizure, defendant was entitled to return of her animals notwithstanding the humane society's claimed lien. Still, the animals were not returned. In November 1997, defendant wrote the State asking for return of the animals, and the state's attorney responded by explaining that the humane society had been advised that the animals could be released. In February 1998, defendant filed a motion in district court to compel return of the property. The court denied the motion for lack of jurisdiction. This appeal followed.

A person may move the district court under V.R.Cr.P. 41(e) for return of unlawfully seized property. When criminal proceedings against the moving party are not yet pending or have transpired, the motion is treated as a civil equitable proceeding. See *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997); *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992); *United States v. Colon*, 993 F. Supp. 42, 43 (D.P.R. 1998). Because such motions are treated as civil equitable proceedings, criminal courts generally use "caution and restraint" before exercising ancillary jurisdiction and considering them. See *Ramsden v. United States*, 2 F.3d 322, 324-25 (9th Cir. 1993) (listing four factors courts must consider before assuming jurisdiction over motions to return property where no criminal proceeding is pending). Although one of the factors courts must consider is whether there is another adequate remedy at law, the availability of civil remedies does not necessarily discharge the criminal court's duties nor disturb its jurisdiction. See *United States v. Totaro*, 468 F. Supp.

1045, 1048 (D. Md. 1979). Further, once the criminal court has granted a motion for return of property, the property must be restored to its owner, see 27 Moore's Federal Practice § 641.194[2], at 342 (3d ed. 1999), and that court retains ancillary jurisdiction to assure that the order is followed. See *In re Motion for Return of Property*, 149 F.R.D. 53, 54-55 (S.D.N.Y. 1993) (courts retain ancillary jurisdiction in cases originally filed with them to enforce their orders, and thus government's commencement of forfeiture proceedings after district court had already issued valid order for return of property did not nullify that order or deprive court of jurisdiction to enforce it).

In this case, the district court plainly had continuing jurisdiction to adjudicate defendant's most recent motion to compel return of the property. The court assumed jurisdiction and ordered the return of defendant's property in 1994. The fact that the superior court later issued a ruling to resolve the issue of whether a lien existed under § 354(c) did not deprive the district court of continuing ancillary jurisdiction over motions seeking to enforce its prior order. Because the State illegally seized the property, it is the State's responsibility to abide by the district court's order and assure that the property is returned. Thus, it is appropriate that the district court exercise its jurisdiction over defendant's motion to compel, which was in effect a motion to enforce the court's earlier order requiring the State to return her property. See *United States v. Fabela-Garcia*, 753 F. Supp. 326, 328-29 (D. Utah 1989) (highway patrol remained in constructive possession of property turned over to other state agency, and thus district court retained ancillary jurisdiction to enforce its order requiring highway patrol to return property); cf. *State v. Aldrich*, 122 Vt. 416, 424, 175 A.2d 803, 808-09 (1961) (contempt motion filed in municipal court to compel return of property); *Decker v.*

*Hillsborough County Attorney's Office,* 845 F.2d 17, 19-20 (1st Cir. 1988) (contempt motions filed in district court to compel return of property); *Commonwealth v. Cooley,* 717 A.2d 28, 29 (Pa. Commw. Ct. 1998) (contempt order issued by criminal court finding that state agency had failed to comply with earlier order requiring return of property). Accordingly, the district court erred in dismissing for lack of jurisdiction defendant's motion to compel.

*Reversed and remanded.*