2012 VT 1

# State of Vermont v. Matthew E. Voog

[45 A.3d 43]

No. 10-369

Present: Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.

Opinion Filed January 6, 2012

Motion for Reargument Denied January 31, 2012

*Kate Lamson*, Bennington County Deputy State's Attorney and *Alexander Burke*, Law Clerk, Bennington, for Plaintiff-Appellee.

*Allison N. Fulcher* of *Martin & Associates*, Barre, and *Matthew E. Voog*, Pro Se, Ridgefield, Connecticut, for Defendant-Appellant.

¶ 1. **Reiber, C.J.** Defendant pled guilty to simple assault and reckless endangerment. He appeals the trial court's denial of his motions to strike surplusage from the information and affidavit of probable cause, and to return property. We affirm in part and reverse and remand in part.

¶ 2. Defendant was originally charged with one count of first-degree aggravated domestic assault under 13 V.S.A. § 1043(a)(2). In November 2009, as part of a global plea agreement which resolved other pending charges, he pled guilty to attempted simple assault under 13 V.S.A. § 1023(a)(3) and reckless endangerment under 13 V.S.A. § 1025. The original information was amended to reflect only these two counts.

¶ 3. Following sentencing, defendant was placed in the custody of the Department of Corrections (DOC). On August 6, 2010, defendant filed a pro se motion petitioning the court to "strike from the court, adjudicative, and incarcerative records, the unsubstantiated and non-adjudicated allegations" that he alleged were in the arrest affidavit and information "to prevent their continued use by [DOC] and other agencies in a substantially prejudicial manner." Defendant claimed that DOC was improperly using the information and the affidavit of probable cause that supported the first-degree-aggravated-domestic-assault charge to increase his "incarcerative level," which, in turn, resulted in his transfer to an out-of-state maximum security facility. Defendant's motion requested that the trial court "[b]an the use of these documents and the unsubstantiated allegations contained therein by all agencies" in possession of them.

¶ 4. The trial court denied defendant's motion explaining that it did not have authority over DOC's decisions "regarding level of incarceration." The court then directed defendant to address his complaints to the Defender General's Prisoners' Rights Office.

¶ 5. On August 30, 2010, defendant filed a second pro se motion asking the court to direct the Bennington County State's Attorney and its agents to return any and all property seized during the investigation of defendant. Defendant did not list exactly which property items he was seeking, but argued that the property should be returned because the State no longer had any "legitimate evidentiary purpose" for retaining it as the proceedings were complete. The trial court denied the motion explaining that a motion for return of property under Rule of Criminal Procedure

41(e) was limited to situations where the property was illegally seized by police and defendant had made no such claim here.

¶ 6. Defendant first argues that the trial court erred when it denied his motion to strike surplusage from the information and the affidavit of probable cause. Under Vermont Rule of Criminal Procedure 7(c), the "court on motion of the defendant may strike surplusage from the indictment or information." This rule permits "the defendant to strike allegations from the indictment or information that are both irrelevant and prejudicial to him." Reporter's Notes, V.R.Cr.P. 7. We review the trial court's ruling on a motion to strike for abuse of discretion. *State v. Cardinal*, 155 Vt. 411, 416, 584 A.2d 1152, 1156 (1990).

¶ 7. While defendant contends the court should have struck the "unsubstantiated and non-adjudicated allegations" from various documents, including the affidavit of probable cause, court records, adjudicative records, and incarcerative records, Rule 7(c) provides that the court may strike allegations only from the indictment or information. The rule does not grant the court authority to strike language from other DOC documents, nor does defendant point to any other source of authority for this proposition. Thus, the trial court's denial of defendant's motion on this ground was proper.

¶ 8. As to the information, the State had already amended it to reflect only those charges to which defendant had pled guilty. Count one was amended to read: "Matthew Voog in this Territorial Unit, in the County of Bennington, at Bennington, on or about May 8, 2009 attempted by physical menace to put another in fear of imminent serious bodily injury, in violation of 13 V.S.A. § 1023(a)(3)." Count two was amended to read: "Matthew Voog in this Territorial Unit in the County of Bennington, at Bennington on May 8, 2009 recklessly engaged in conduct which placed another person in danger of death or [serious bodily injury] in violation of 13 V.S.A. § 1025."

¶ 9. On its face, nothing in the information was irrelevant or surplusage. Thus, the trial court's denial of defendant's motion to strike "surplusage" from the information was appropriately denied.

¶ 10. Defendant next argues that the court erred in denying his motion for return of property. Vermont Rule of Criminal Procedure 41(e) permits "[a] person aggrieved by an *unlawful* search and seizure [to] move the court . . . for the return of the property

on the ground that the movant is entitled to lawful possession of the property which was *illegally* seized." (Emphases added.) The trial court denied the request as beyond the scope of Rule 41 because defendant did not demonstrate that the property was illegally seized. In *State v. Crannell*, 171 Vt. 623, 768 A.2d 1260 (2000) (mem.), we declined to address the issue of whether the criminal court could order the return of lawfully seized property because in that case "the State concede[d] that the [criminal] court ha[d] jurisdiction over appellant's motion under its 'inherent powers.' " *Id.* at 624, 768 A.2d at 1262. Defendant argues that the trial court erred in failing to consider his motion because it has "inherent authority to order the return of his property."

¶ 11. Defendant's argument draws from federal law. In interpreting Rule 41, we have relied on federal decisions interpreting the analogous federal rule since "Vermont's rule is based heavily on a previous version of the federal rule." *State v. Wetherbee*, 2004 VT 101, ¶ 8, 177 Vt. 274, 866 A.2d 527 (citing Reporter's Notes, V.R.Cr.P. 41(e)). Prior to a 1989 amendment, the federal companion statute was nearly identical in form to the Vermont provision: "A person aggrieved by an *unlawful* search and seizure may move the district court . . . for the return of the property on the ground that he is entitled to lawful possession of the property which was *illegally* seized." F.R.Cr.P. 41(e) (emphases added).* Federal courts generally interpreted the pre-1989 rule to allow for recovery of legally seized property despite the fact that its explicit language provided only for the return of "unlawfully" seized property. The basis for this construction was that "the Court's equitable powers confer on it the jurisdiction as well as the duty to return [legally seized, nonforfeited] evidence to its owner once the need for it has ceased." *United States v. Farese*, No. 80 Cr. 63 (MJL), 1987 WL 28830, at *1 (S.D.N.Y. Dec. 15, 1987) (mem.) (citing *Sovereign News Co. v. United States*, 690 F.2d 569 (6th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983); *Wilson*,

---

* The federal rule was amended to provide that "a person whose property has been *lawfully* seized may seek return of property when aggrieved by the government's continued possession of it." F.R.Cr.P. 41(e) (Advisory Committee Notes to the 1989 amendments) (emphasis added). The amendment reflected that "[c]ourts have recognized that once the government no longer has a need to use evidence, it should be returned." *Id.* (citing *United States v. Wilson*, 540 F.2d 1100 (D.C. Cir. 1976)). As Vermont's rule has not tracked these language changes, we look to federal cases construing the pre-1989 version to aid our analysis.

540 F.2d at 1103-04; *United States v. Totaro*, 468 F. Supp. 1045, 1048 (D. Md. 1979)). Although for different reasons, we agree with defendant that the criminal division had authority to adjudicate his claim for return of property.

■■■ ¶ 12. The court's authority in this case stems from its jurisdiction over the property at issue. The record reveals that defendant's property was lawfully taken following execution of a search warrant. Therefore, the criminal court obtained "primary jurisdiction" over the seized property. *United States v. Wright*, 610 F.2d 930, 938 (D.C. Cir. 1979); see *State v. Aldrich*, 122 Vt. 416, 424, 175 A.2d 803, 808 (1961) (explaining that trial court has constructive jurisdiction over property seized as evidence). The criminal proceeding itself was an in personam action that did not invoke the court's in rem jurisdiction over the property. See *State v. Terry*, 159 Vt. 531, 533, 621 A.2d 1285, 1286 (1993). Defendant's motion for return of property was, however, separate from the in personam criminal action because it came after the criminal proceedings against him were completed. See *Wetherbee*, 2004 VT 101, ¶ 8. Thus, the motion instituted a different claim in the nature of a "civil equitable proceeding." *State v. Kornell*, 169 Vt. 637, 638, 741 A.2d 290, 291 (1999) (mem.). Independent of the in personam action, this new claim invoked the court's in rem jurisdiction over the property because, similar to a state forfeiture action, defendant sought to settle the rights to the property. See *State v. Terry*, 159 Vt. at 533, 621 A.2d at 1286 (explaining that criminal proceeding is in personam and forfeiture is an in rem action).

■■ ¶ 13. In *United States v. $2,542 in U.S. Currency*, 754 F. Supp. 378, 382-83 (D. Vt. 1990), the federal district court, interpreting Vermont Rule of Criminal Procedure 41, held that the defendant's motion in state court for return of property was a quasi in rem action that precluded the federal court from considering a complaint for civil forfeiture for the same property. The court explained:

> [T]he seizure of property by law enforcement officials pursuant to court-ordered warrant may precede criminal process against any person — indeed, the owner of the property may never even be brought into court. The court thereby obtains jurisdiction over the property absent *in personam* jurisdiction over any person.

*Id.* at 382. We agree. When a motion for return of property is made before a criminal case has begun or is completed it is independent of the criminal action, but the criminal court has quasi in rem jurisdiction over property seized in the criminal investigation and may settle the rights to that property as between the State and defendant. See *Avery v. Bender*, 124 Vt. 309, 313, 204 A.2d 314, 317 (1964) (defining a quasi in rem action as one that "affects only the interest of particular persons in specific property").

■ ¶ 14. Although civil remedies are also available to defendant, this "does not necessarily discharge the criminal court's duties nor disturb its jurisdiction." *Kornell*, 169 Vt. at 638, 741 A.2d at 291; see *Wilson*, 540 F.2d at 1104 (explaining that existence of civil remedies to recover property "neither discharges the district court's duties nor disturbs its jurisdiction"). Here, given the trial court's existing familiarity with defendant's case, it would be most efficient for that court to consider defendant's motion. See *United States v. Ortega*, 450 F. Supp. 211, 212 (S.D.N.Y. 1978) (concluding that district court's jurisdiction over return-of-property motion filed following defendant's guilty plea was "ancillary to jurisdiction over the criminal proceeding" and judicial economy favored having judge from criminal proceeding decide motion for return of property).

¶ 15. We reverse and remand for consideration of whether defendant is entitled to return of his lawfully seized property. On remand, the court should consider whether "the government has a continuing [legitimate] interest in the property." *Sovereign News Co.*, 690 F.2d at 577 (quotation and citation omitted).

¶ 16. Finally, we address defendant's motion to supplement his brief with pro se filings. In a supplemental brief, defendant argues that we should "vacate the conviction in this matter" because the affidavit of probable cause had a "defective notarization." According to the jurat, the affidavit of probable cause was sworn to on May 7, 2009. However, the events recounted in the affidavit transpired on May 8, 2009, one day later. Defendant contends that as the affidavit was "produced and notarized the day prior to the alleged incident occurring," and the "[p]ersonal knowledge and/or belief could not have been attested prior to an event being alleged." However, defendant failed to raise this clerical error argument below or on appeal in his principal brief.

¶ 17. While Rule of Appellate Procedure 28(i) permits a party to supplement its brief with authority for arguments already made in its original brief, it does not allow a party to graft new arguments onto old. See Reporter's Notes, 1985 Amendment, V.R.A.P. 28 (Rule 28(i) "does not provide an opportunity for additional argument"); *Bigelow v. Dep't of Taxes*, 163 Vt. 33, 37-38, 652 A.2d 985, 988 (1994) (treating issue not raised in principal brief as waived); *Gallipo v. City of Rutland*, 2005 VT 83, ¶ 52, 178 Vt. 244, 882 A.2d 1177 (issues raised for first time in responsive brief "not adequately preserved"). Therefore, this claim was not adequately preserved for our review.

*Affirmed as to denial of motions to strike, reversed and remanded on question of whether defendant is entitled to his lawfully seized property.*