*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-124

SEPTEMBER TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Matthew Voog | } | DOCKET NO. 502-5-09 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from a superior court decision denying his motion to return a handgun and ammunition clip seized during a criminal investigation. We affirm.

This is defendant's second appeal following his guilty plea and sentencing on one count of simple assault and one count of reckless endangerment. In State v. Voog, 2012 VT 1, we affirmed the trial court's denial of defendant's motion to "strike surplusage from the information and the affidavit of probable cause" but reversed the court's denial of his motion for the return of property seized during the criminal investigation. Id. ¶ 6. We held that the "criminal court has quasi in rem jurisdiction over property seized in the criminal investigation and may settle the rights to that property," and remanded for the court to consider the motion. Id. ¶¶ 13, 15.

Following our remand, the parties filed additional pleadings and memoranda, and the court issued a written ruling in March 2012. The court ordered the return of all of the property in question except for a .45 caliber semi-automatic gun and a loaded .45 caliber ammunition clip. The court declined to return these items under the authority of chapter 145 of Title 20, which deals with the "disposition of unlawful firearms." This chapter provides that " 'unlawful firearms' means firearms the possession of which constitutes a violation of federal or state law and firearms carried or used in violation of any federal or state law or in the commission of any federal or state felony." 20 V.S.A. § 2302(a). Firearms which meet this definition, and which are not needed as evidence, must be delivered to the commissioner of public safety for disposal. Id. § 2303(a).

Relying on this provision, the trial court declined to return the items on two grounds. First, the court found that the gun was used in violation of state law "in that it was the object thrown at the complainant that formed the basis of the defendant's plea to reckless endangerment." Second, the court concluded that defendant's possession of the items would be a violation of federal law, to wit, 18 U.S.C. § 922(g)(9), which prohibits any person who has been convicted of a crime of domestic violence from possessing "any firearm or ammunition." The court noted that, as interpreted by the U.S. Supreme Court in United States v. Hayes, 555 U.S. 415 (2009), this provision does not require that the predicate offense identify as an element of the crime a domestic relationship between the defendant and the victim; it is sufficient that the

offense was committed by the defendant "against a spouse or other domestic victim." Id. at 421. Here, it was undisputed that the victim of the assault was a domestic partner. Accordingly, the court ordered that the gun and ammunition clip be disposed of as required by law. This pro se appeal by defendant followed.

Defendant argues at length that the gun in question was not a "firearm" used in violation of state law because it was unloaded and inoperable. Defendant notes that the gun was unloaded when it was seized by the police and that the ammunition clip and a "recoil spring retainer" were found separately. Defendant asserts that without the "recoil spring retainer," the gun was "incapable of being loaded, chambered or fired."[1]

We need not resolve this argument because we conclude that the trial court properly declined to return the gun and ammunition on the alternative basis that their possession would be a violation of federal law. Under the federal statute, a "firearm" is generally defined as a weapon "designed to . . . expel a projectile by the action of an explosive," 18 U.S.C. § 921(a)(3), and this definition has been consistently interpreted to be satisfied regardless of whether the weapon is loaded or operable. See, e.g., United States v. Coleman, 655 F.3d 480, 481 (6th Cir. 2011) (noting that federal statute's definition of firearm expressly includes the weapon's "frame" and thus applies to weapon regardless of whether it was loaded); United States v. Galaviz, 66 F.3d 320 (5th Cir. 1995) ("A firearm that is unloaded and inoperable is still a firearm under § 921(a)(3)."); United States v. Brown, 117 F.3d 353, 355 (7th Cir. 1997) (collecting cases holding that firearm need not be operable to meet statutory definition of firearm); United States v. Gutierrez-Silva, 983 F.2d 123, 125 (8th Cir. 1993) (holding that statute applied to gun regardless of fact that it was unloaded and no ammunition was found in defendant's apartment).

As noted, moreover, the federal statute expressly forbids the possession of any "firearm or ammunition." 18 U.S.C. 922(g)(9). Accordingly, we conclude that the trial court properly declined to return both the .45 caliber automatic gun and the .45 caliber ammunition clip on the ground that their possession by defendant would be a violation of federal law.

Defendant also asserts that the federal statute prohibiting his possession of the firearm abridges his Second Amendment right to bear arms. The federal courts that have considered the question, including the Fourth Circuit which he cites in his reply brief, have consistently rejected the claim, holding that 18 U.S.C. § 922(g)(9) does not violate the Second Amendment. See United States v. Staten, 666 F.3d 154, 167 (4th Cir. 2011); United States v. Booker, 644 F.3d 12, 26 (1st Cir. 2011); United States v. Skoien, 614 F.3d 638, 644-45 (7th Cir. 2010). Thus, the claim lacks merit. Defendant questions as well the validity of the federal statute at issue here under the Commerce Clause, citing the U.S. Supreme Court decision in United States v. Lopez, 514 U.S. 549 (1995), which held that Congress lacked authority under the Commerce Clause to prohibit possession of a firearm within a school zone. This claim was not raised below, however, and therefore was not properly preserved for review on appeal. See State v. Stanislaw, 153 Vt. 517, 528 (1990) ("Even when the defendant asserts a violation of constitutional rights, failure to promptly raise the issue before the trial court results in a waiver.").

---

[1] The State asserts that the argument was not raised below and therefore not properly preserved for review on appeal. In his response to the State's opposition to the motion, however, defendant claimed that he admitted only to "tossing part of a disassembled pistol" not of "using a weapon in the commission of an assault." In light of defendant's pro se status, the argument— although not entirely clear—was sufficient to preserve the claim. With the exception of the Commerce Clause claim, the same conclusion applies to defendant's other claims, as well.

Defendant also summarily asserts that depriving him of possession of the firearm and ammunition unconstitutionally increases his punishment and violates the Double Jeopardy Clause. The U. S. Supreme Court has decisively rejected the proposition that forfeitures of property used in the commission of crimes constitute "punishment" for purposes of the Double Jeopardy Clause. United States v. Ursery, 518 U.S. 267, 270-71 (1996). Accordingly, we find no merit to the claim.

Finally, defendant argues that he was entitled to possession because the search warrant that resulted in seizure of the property was unlawful. Defendant cites no persuasive evidence or authority to support the claim. Moreover, the lawfulness of the seizure was affirmed in defendant's first appeal, and may not be relitigated. See Voog, 2012 VT 1, ¶¶ 10, 12 (noting that trial court initially denied defendant's motion for return of property because he had failed to demonstrate that it was illegally seized, and concluding that "[t]he record reveals that defendant's property was lawfully taken following execution of a search warrant"); Bain v. Hoffman, 2010 VT 18, ¶ 4, 187 Vt. 605 (mem.) (noting that doctrine of res judicata prevents relitigation of claim previously decided where parties, subject matter and claims are the same). Accordingly, we find no error and no basis to disturb the judgment.

Affirmed.


BY THE COURT:


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice

3