*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-116

FEBRUARY TERM, 2017

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| George A. Mannoia | } | DOCKET NO. 920-8-13 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from a superior court order denying his motion for return of property. We affirm.

The record discloses the following. In August 2013, defendant was charged with two counts of possession of stolen property in excess of $900, in violation of 13 V.S.A. § 2561(b).[1] Following a jury trial, defendant was convicted of both counts, and this Court affirmed the judgment on appeal. See State v. Mannoia, No. 2014-306, 2015 WL 3756883 (Vt. June 12, 2015) (unpub mem.), https://www.vermontjudiciary.org/UPEO2011Present/eo14-306.pdf. In affirming, we noted that the first count charged defendant with possession of "CAT-TV property," and the second with possession of "tools and Apple Computer." Id. at *1. On appeal, defendant claimed that the evidence was insufficient to establish the value of the stolen property. We rejected the claim, noting that the evidence as to the first count showed that the property—consisting of three high-end video cameras—had a purchase value of over $15,000, and that the evidence with respect to the second count showed that the computer was purchased for over $3000. Id. at *2.

While the appeal was pending, defendant filed a pro se motion for the release of property which he identified as "several tools." The court directed defendant to file a list of the items that he wanted returned, and defendant in response filed a letter and attached a copy of the warrant that led to the underlying charges. The warrant listed numerous items, including power tools and other hand tools. Following an initial hearing in February 2015, the court issued a brief order reserving a decision on the motion until defendant's appeal was decided.

Following this Court's decision in June 2015, the trial court issued a second order directing defendant to provide a specific list of the items that he wanted returned, and defendant filed a late

---

[1] This section provides: "A person who buys, receives, sells, possesses unless with the intent to restore to the owner, or aids in the concealment of stolen property, knowing the same to be stolen, shall be punished the same as for the stealing of such property." 13 V.S.A. § 2561(b). Pursuant to 13 V.S.A. § 2501, a person who steals property valued at over $900 may be imprisoned for up to ten years and fined up to $5000.

response listing over forty items. The court held an evidentiary hearing on the motion in February 2016 and issued a written ruling the following month. See State v. Kornell, 169 Vt. 637, 637 (1999) (mem.) (noting that, after conclusion of criminal proceedings, Rule 41(e) motions for return of property are treated as "civil equitable proceedings" but criminal court has continuing jurisdiction).

Based on the evidence adduced at the hearing, including the testimony of the investigating officer, the court determined that the original charges against defendant were based on items seized during the execution of a search warrant, but that at trial the State "was unable to prove actual ownership of a number of tools and items and the convictions were based on [d]efendant's possession of certain items[, the video cameras,] from a local community television station and a computer." Nevertheless, the court found that the investigating officer "credibly testified" that during the execution of the warrant defendant admitted that "all the tools and items found were stolen." In light of that admission, and "the nature of the items," i.e. used tools that made it difficult to identify individual owners, the court determined that it was "reasonable to find that the tools and other items were stolen, even if [the] owners cannot be found."

Applying the standard set forth by this Court for the return of property, to wit, "whether the government has a continuing legitimate interest in the property," State v. Voog, 2012 VT 1, ¶ 15, 191 Vt. 184 (quotation and alteration omitted), the trial court further concluded that the State had a "continuing interest in trying to return [the] stolen property to [the] owners" as well an interest in depriving defendant of the stolen items "regardless of whether an owner was identified." Accordingly, the court denied the motion. This appeal followed.

Defendant raises a number arguments in his pro se brief, principally (1) challenging the court's finding that the tools were stolen; (2) asserting that the search warrant was based on false information and that the police seized items that were not listed in the warrant; (3) alleging ineffective assistance of counsel; and (4) asserting that he is entitled to damages for the value of the property retained by the State.[2]

In the absence of a record of the trial court proceedings, however, we are unable to address the claims. Defendant expressly declined to order transcripts of the trial court hearings. As provided in our Rules of Appellate Procedure, it is the appellant's responsibility to provide a transcript for "all parts of the proceedings relevant to the issues raised by the appellant and necessary to demonstrate how the issues were preserved." V.R.A.P. 10(b)(1). Furthermore, "[b]y failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review." Id.

Thus, to the extent that defendant is challenging the sufficiency of the evidence to support the trial court's finding that he stole the tools which he seeks to have returned or is attempting to

---

[2] Defendant does not appear to dispute the trial court's conclusion that, if the tools were stolen by defendant, the State had a legitimate interest in retaining them. Indeed, even where property is unlawfully seized, the general rule is that it should only be returned to the rightful owner. See, e.g., U.S. v. Francis, 646 F.2d 251, 262 (6th Cir. 1981) ("The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated."); Ensoniq Corp. v. Superior Court, 77 Cal. Rptr.2d 507, 512 (Ct. App. 1998) ("[O]nly legal property may be returned to the person from whom it was taken. The People have the right to detain any property which it is unlawful to possess, and such right exists whether the property was lawfully seized or not." (quotation omitted)).

rely on countervailing evidence to prove that he was in lawful possession of the tools, in the absence of a transcript "we cannot go behind the findings and determine what evidence supported them," Evans v. Cote, 2014 VT 104, ¶ 10, 197 Vt. 523, and therefore we must "assume[] that the trial court's findings are supported by the evidence." Id. ¶ 7. As for defendant's remaining claims, we have no basis to determine whether they were asserted by defendant at the hearings and thus properly preserved for review on appeal. See State v. Gadreault, 171 Vt. 534, 538 (2000) (mem.) (declining to address defendant's claim that his sentence was excessive in violation of Eighth Amendment where there was "nothing in the record to show that defendant preserved this issue for appeal because he failed to file transcripts of the proceeding below"). Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice