*Tudisca v. Stagecoach Transportation Services, Inc.*, 62-4-17 Oecv (Harris, J., Oct. 16, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

### STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Orange Unit | Docket No. 62-4-17 Oecv |

---

## Tudisca vs. Stagecoach Transportation Svcs et al

---

## ENTRY REGARDING MOTION

Count 1, Discrimination (62-4-17 Oecv)
Count 2, Discrimination (62-4-17 Oecv)

| | |
|---|---|
| Title: | Motion to Dismiss (Renewed) (Motion 4) |
| Filer: | Stagecoach Transportation Svcs |
| Attorney: | Stephen J. Soule |
| Filed Date: | August 21, 2017 |

Response filed on 08/28/2017 by John V. Tudisca, Plaintiff

Pending before the court is the renewed motion of defendants, Stagecoach Transportation Services, Inc. ("Stagecoach") and Kelly Wheatley ("Ms. Wheatley"), to dismiss the complaint of plaintiff John V. Tudisca ("Plaintiff" or "Mr. Tudisca"). Stagecoach and Ms. Wheatley are collectively referred to as "Defendants" in this matter.

Mr. Tudisca's complaint asserted a variety of claims arising out of his former relationship with Stagecoach where he volunteered as a bus or vehicle driver. Following briefing by the parties, on 7/25/17 Judge Tomasi granted in part and denied in part Defendants' first motion to dismiss. Judge Tomasi dismissed Mr. Tudisca's claims for violation of Title VI of the Civil Rights Act of 1964; violation of the Vermont State Constitution, Chapter 1, Article 3 (religious freedoms); violation of the Sixth Amendment (federal constitution); and violation of the Eighth Amendment (Federal Constitution).

Judge Tomasi noted pleading deficiencies or issues as to Plaintiff's counts seeking recovery under the Vermont Public Accommodation Act[1] (9 V.S.A. section 4502); negligence; sexual orientation discrimination and the Americans With Disabilities Act. Plaintiff was given leave to file a more definite statement as to these claims under the Vermont Rules of Civil Procedure's Rule 12(e).

On August 7, 2017 Mr. Tudisca filed his "Statement Of Plaintiff Pursuant to Oder of Court dated July 25, 2017". (Plaintiff's 8/7/17 Statement). In his Plaintiff's 8/7/17 Statement,

---

[1] Formally the Act is known as the Vermont Fair Housing and Public Accommodation Act), 9 V.S.A. §§ 4500–4507, but as the fair housing portion of the Act is not in issue in this case, the court refers to the act as the Vermont Public Accommodations Act.

Mr. Tudisca augmented (or provided "more definite statements", to use the Rule 12(e) language) his claims against Stagecoach and Ms. Wheatley.

Plaintiff's complaint, as amended, alleges that Stagecoach is "public accommodations" covered by 9 V.S.A. section 4502 and that it receives federal and state funding. Plaintiff's 8/7/17 Statement attaches as exhibits what appear to be the front pages of booklets describing Stagecoach and the services it provides. Those materials indicate Stagecoach provides bus transportation services to the public, and including seniors and individuals with disabilities and that Stagecoach is a 501(c)(3) nonprofit organization that receives an "80/20 mix of public (state and federal grant) and private money".

Plaintiff's complaint as amended, alleges in essence that he was a volunteer driver who drove one of Stagecoach's vehicles to transport customers and Stagecoach received a complaint or alleged statements from a customer. Plaintiff alleges that on September 8, 2015, Ms. Wheatley, who was his supervisor, called him to a meeting. The complaint appears to allege that Ms. Wheatley told Mr. Tudisca that the customer had "alleged rape" or some other misconduct by Plaintiff. Mr. Tudisca alleges the allegations of the customer were false and in the meeting he showed Ms. Wheatley proof that the customer making accusations about his had sent him certain text messages and "threatening phone conversations left on voicemail". Mr. Tudisca alleges Ms. Wheatley asked him if he was of Italian Heritage and if he was a member of the "Italian Mafia". The complaint alleges Mr. Tudisca denied any Mafia connection and Ms. Wheatley asked him if he was sure and questioned whether he was telling the truth.

Mr. Tudisca also alleges that during this meeting Ms. Wheatley asked about Plaintiff's sexual orientation. Mr. Tudisca alleges he replied that he was heterosexual and "the lover of many women", which "infuriated" Ms. Wheatley. Plaintiff alleges that the meeting was ended as she announced Stagecoach would conduct an "internal probe" but suspended his services as a volunteer driver pending the result. Plaintiff alleges he was "dismissed, terminated, and his schedule lightened to nil" as the result of the probe and these decisions violated his rights under the Vermont Public Accommodations Act, due to the of the witholding of the advantages, facilities and privileges of acting as a volunteer driver. Mr. Tudisca alleges damages as the result of the loss of his volunteer driver position with Stagecoach.

**Legal Analysis**

In reviewing a motion to dismiss all facts stated in the complaint are accepted as true. *Colby v. Umbrella, Inc.,* 2008 VT 20 at Para. 5; *Bock v. Gold*, 2008 VT 81, Para. 4, citing *Amiot v. Ames,* 166 Vt, 288, 291 (1997). It has been stated that motions to dismiss for failure to state a claim are disfavored and should be rarely granted. *Colby, supra; Bock, supra; Endres v. Endres*, 2006 VT 108, ¶ 4. Dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that there exist no facts or circumstances, consistent with the complaint that would entitle the plaintiff to relief. *Prive v. Vermont Asbestos Group*, 2010 VT 2 at ¶14 quoting and citing *Bock, supra*; *Union Mut. Fire Ins. Co. v. Joerg,* 2003 VT 27, ¶ 4. The pleading threshold has been described as "exceedingly low". *Murray v. City of Burlington,* 2012 VT 1, ¶ 12; *Prive, supra; Bock, supra.* V.R.C.P. 8's notice-pleading standards for a complaint, that "require a specific and detailed statement of the facts which constitute a cause of action, but simply a statement clear enough to give the defendant fair notice of what the plaintiff's claim is and the

2

grounds on which it rests" is applied and considered when reviewing the sufficiency of a complaint on a motion to dismiss. See *Mahoney v. Tara.*, LLC, 2014 VT 90, ¶ 15.

### A. Title VI Claims

Mr. Tudisca seeks to re-assert his dismissed Title VI claims for national origin discrimination by adding allegations that Stagecoach receives federal assistance. Nonetheless his Title VI claims remain subject to dismissal. Title VI states:

> "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

42 U.S.C. § 2000d.

As the Sixth Circuit explained in one case:

> But 42 U.S.C. § 2000d–3 significantly limits the application of Title VI in the employment context. It states: "Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except where a primary objective of the Federal financial assistance is to provide employment." We have held that these limitations apply "to the implied private rights of action which have been read into the statute." *Reynolds v. Sch. Dist. No.1, Denver, Colo.,* 69 F.3d 1523, 1531 n. 8 (10th Cir.1995). Thus, "covered entities can only be sued for employment discrimination [under Title VI] where a primary objective of the Federal financial assistance to that program or activity is to provide employment." *Id.* at 1531 (internal quotation marks and brackets omitted).

*Maldonado v. City of Altus*, 433 F.3d 1294 (6ᵗʰ Cir. 2006). See also *Reynolds v. School Dist. No. 1, Denver, Colorado,* 69 F.3d 1523, 1531 (10th Cir.1995) (quoting 42 U.S.C. § 2000d–3); *Association Against Discrimination in Employment, Inc. v. City of Bridgeport,* 647 F.2d 256, 276 (2d Cir.1981) ("for a claimant to recover under Title VI against an employer for discriminatory employment practices, a threshold requirement is that the employer be the recipient of federal funds aimed primarily at providing employment") (citations omitted), *cert. denied,* 455 U.S. 988, 102 S.Ct. 1611, 71 L.Ed.2d 847 (1982); *Gilmore v. University of Rochester*, 410 F. Supp.2d 127, 132 (W.D.N.Y. 2006).

The same principles apply to Plaintiff's claims for alleged discrimination of his volunteer driver position. Although Stagecoach receives federal funds, it provides public transportation services to the public and disabled and elderly persons. Stagecoach clearly neither provides employment nor volunteer vehicle driver positions as its "primary objective".

Plaintiff's Title XI claims remain subject to dismissal.

B. Vermont Public Accommodations Act.

The VPAA creates a private right of action for certain discrimination claims. At issue is whether Mr. Tudisca has alleged a cause of action under the Act. The court finds he has done so.

The VPAA prohibits an owner or operator of a "place of public accommodation," or an agent or employee of an owner/operator, from withholding from or denying to any person "any of the accommodations, advantages, facilities and privileges of the place of public accommodation" based on that person's "race, creed, color, national origin, marital status, sex or sexual orientation." 9 V.S.A. § 4502(a). *Washington v. Pierce*, 2005 VT 125, Para. 13, 179 Vt. 318. Under Section 4501(1) of the Act, "place of public accommodation" means any school, restaurant, store, establishment, or other facility at which services, facilities, goods, privileges, advantages, benefits, or accommodations are offered to the general public. A person aggrieved by a violation of the Act "may bring an action for injunctive relief and compensatory and punitive damages and any other appropriate relief in the superior court of the county in which the violation is alleged to have occurred." § 4506(a).

"As a remedial statute, the [VPAA] must be liberally construed in order to suppress the evil and advance the remedy intended by the Legislature." *Washington, supra*, quoting and citing *Human Rights Comm'n v. Benevolent & Protective Order of Elks,* 2003 VT 104, ¶ 13, 176 Vt. 125, 839 A.2d 576 (quotations omitted).

Liberally construing the statute, Stagecoach is a "place of public accommodation" under the VPAA. Stagecoach is an "establishment, or other facility" which provides services and accommodations to the general public, in the form of general transportation services, and special transportation services for persons with disabilities. Stagecoach also operates an office or bus terminal/ garage facility that serves as a base for its mobile transportation facilities (busses or other vehicles) and includes the office where Plaintiff was first suspended as a volunteer driver for Stagecoach by Ms., Wheatley.

The next issue is if Plaintiff has alleged that he has been deprived of "any of the accommodations, advantages, facilities and privileges" Stagecoach provides. As Judge Maley has observed, "the VPAA is typically applied where a person is denied access as a result of disability, see *Abdo v. University of Vermont*, 263 F. Supp. 2d 772 (D. Vt. 2003) (student with physical disability seeking accommodation at UVM); denied entry to an organization, see *Human Rights Comm'n v. Benevolent and Protective Order of Elks*, 2003 VT 104, 176 Vt. 125 (membership denied on the basis of sex); or deprived of a benefit to which the person is entitled, see *Washington v. Pierce*, 2005 VT 125, ¶ 35, 179 Vt. 318 (VPAA applies to student-on-student harassment that is 'so severe, pervasive, and objectively offensive that it deprived [the student] of access to the educational opportunities or benefits provided by the school')". *Hackett v. Town of Franklin*, 2012 WL 11828907, Docket No S7711 (5/29/12)(Maley, J.).

The opportunity to volunteer and serve as an unpaid driver is an advantage or privilege Stagecoach provides. While Stagecoach (or any place of public accommodation establishment) is not required to allow volunteers from the general public to assist it in its providing of services, Stagecoach has chosen to do so. Like a museum or non-profit performing arts center, in selecting and retaining its volunteers that it chooses to utilize to serve the public, Stagecoach cannot make those selection and retention decisions on the basis of "race, creed, color, national origin, marital status, sex or sexual orientation".

4

Next the court considers whether Plaintiff has alleged claims under the VPAA. The VPAA is patterned on federal laws and Vermont Courts may use federal and Vermont employment- discrimination law principles in construing the statute. *Human Rights Commission v. LaBrie, Inc.*, 164 Vt. 237, 243 (1995).[2] Intentional discrimination may be shown by direct or circumstantial evidence. *Id.*, 164 Vt. at 244.

In employment-discrimination claim matters, the Vermont Supreme Court has applied the three-step burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to FEPA claims. *Beckman v. Edson Hill- Manor, Inc.*,171 Vt.607, 608 (2000), citing *Carpenter,* 170 Vt. at ----, 743 A.2d at 594-95. Under *McDonnell Douglas,* the plaintiff must demonstrate that: (1) he was a member of a protected group; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the circumstances surrounding this adverse employment action permit an inference of discrimination.  See *Robertson v. Mylan Laboratories, Inc*., 2004 VT 15, ¶ 25, 176 Vt. 356. At the prima facie case stage, the plaintiff's burden is a relatively light one. *Beckman, supra.*

In his Complaint and Plaintiff's 8/7/17 Statement Plaintiff alleges that he had the qualifications to serve as a volunteer driver ("a professional driver with over 35 years of experience with an excellent work ethic"); and that following customer accusations he showed were false, his volunteer driver services were terminated because of his ethnicity (or national origin) and/or sexual orientation.

Under the "exceedingly low" (*Murray v. City of Burlington*, 2012 VT 1, ¶ 12; *Prive, supra; Bock, supra*) Rule 8 pleading requirements, at the motion to dismiss stage, for a claim where the pleading burden is a "relatively light one" (*Beckman, supra*), Plaintiff's clams for VPAA violations may proceed. The complaint, as supplemented by the Plaintiff's 8/7/17 Statement, provides Defendants sufficient notice of the claims.  Details can be explored in discovery.

The court at this time denies dismissal of the sexual orientation claim, even though there may be issues if the alleged statements of Ms. Wheatley are sufficient to allege sexual orientation discrimination "based on" Plaintiff's heterosexual orientation. Mr. Tudisca alleges that his volunteer driver privileges were rescinded after Ms. Wheatley became infuriated learning about his legal, but sexually promiscuous, behavior.  Where an agent of a place of public accommodations withholds privileges or benefits to a member of the public because of the agent's stereotypical views associated with the person's sexual orientation, public accommodations discrimination claim may be pursued in some instances. See example, *Potter v. LaSalle Sports Health Club*, 368 N.W.2d 413, 416 (Minn. App. 1985)(public accommodations claim award upheld by gay health club member asked to leave by club employee who felt they were "creating a gay atmosphere" following alleged misbehavior by other gay men).  Whether the facts, as developed in discovery or for trial, can show that Ms. Wheatley's alleged negative views towards sexually promiscuous persons engaging in lawful acts, is "based on" "sexual orientation" or just her alleged views of persons who engage in

---

[2] Many states, in interpreting their public accommodations discrimination laws also turn to federal employment-discrimination laws to analyze claims See example*, Potter v. LaSalle Sports Health Club*, 368 N.W.2d 413, 416 (Minn. App. 1985).

sexual relations outside of marriage or monogamous relations (regardless of sexual orientation) can be reviewed in latter stages of this action.

The court considers whether Mr. Tudisca's claim against Ms. Wheatley may survive the motion to dismiss stage where she is not the owner or provider of the "place of public accommodation."

Section 4502(a) states that "[a]n owner or operator of a place of public accommodation *or an agent or employee* of such owner or operator shall not, because of the race, creed, color, national origin, marital status, sex, sexual orientation, or gender identity of any person, refuse, withhold from, or deny to that person any of the accommodations, advantages, facilities, and privileges of the place of public accommodation". (italics added).

Section 4506(a) states that a "person aggrieved" by a violation of the VPAA may bring a private civil action for compensatory and punitive damages in the civil division court. The statute does not expressly state **who** the claim may be brought against.

In *Payne v. U.S. Airways, Inc.,* 186 Vt. 458 (2009), the Vermont Supreme Court allowed a Fair Employment Practices Act ("FEPA") claim to proceed against the employee's supervisor, as well as against the employer. The FEPA statute prohibits "employers" from engaging in prohibited conduct and defines an employer as "*any* individual, organization, or governmental body ... whether domestic or foreign ... and *any agent of such employer,* which has one or more individuals performing services for it within this state." 21 V.S.A section 495(a)(italics added). Like the VPAA, FEPA 's private cause of action section merely states that a "person aggrieved by a violation" of FEPA may bring an action, but does not state against whom. 21 V.S.A. section 495b.

The Vermont Supreme Court has not decided whether employees, at places of public accommodation, who allegedly violate the VPAA, may be individually sued. The court need not decide this issue now and its resolution may depend upon a fuller factual record. At the motion to dismiss stage, dismissal is only proper where the court finds "beyond doubt that there exist no facts or circumstances, consistent with the complaint that would entitle the plaintiff to relief". *Privet, supra.* There may be sufficient similarity between the structure of the FEPA and VPAA statutes' prohibitory conduct sections and private action sections, to conclude VPAA claims may be brought against individual agents or employees who engage in conduct that violates VPAA.

### C. Negligence

Plaintiff's negligence claim does not involve any claims of physical injury to Plaintiff. His complaint appears to allege no legally recognized duty owed him that gives rise to a cause of action for negligence.

Plaintiff in essence claims that Stagecoach and Ms. Wheatley were negligent in that they breached duties owed to Plaintiff under the Vermont Public Accommodations Act. A separate negligence count does not lie where the alleged duty breached is one owed under a law giving rise to an independent claim in another count. See example *Haverly v. Kaytek, Inc.*, 169 Vt. 350 (1999) (affirming dismissal of a negligence count, alleging negligent supervision of employees to ensure that they did not retaliate against him for reporting VOSHA violations, where the plaintiff also pursued a separate count for direct VOSHA retaliation, which "subsumed" the

6

negligence count. See also, *Sears v. St. Johnsbury Academy*, 2007 WL 6096859, Docket No.19-1-06 Cacv (11/9/07)(Zonay, J.) (dismissing a negligent supervision claim as "superfluous" where it alleged negligent duty to supervise employees who allegedly violated the Fair Employment Practices Act, citing *Murray v. St. Michael's College*,164 Vt. 205, 212 (1995)).

Nor can Mr. Tudisca show that Defendants breached some independent duty to him that might allow him to recover in negligence for claimed emotional distress. The Vermont Supreme Court has explained that recovery for negligently caused emotional distress, not accompanied by physical impact, is allowed "only when accompanied by substantial bodily injury or sickness, and subject to the limitation that the [plaintiffs themselves] have been within the 'zone of danger' and subject to a reasonable fear of immediate personal injury." *Vaillancourt v. Medical Center Hospital of Vermont,* 139 Vt. 138, 143 (1980) (citations omitted); *Goodby v. Vetpharm, Inc.*, 2009 VT 52, Para, 13, 186 Vt. 63, 70. No such facts can be shown here.

Plaintiff's negligence count is dismissed.

D. Americans With Disabilities Act

The court agrees with Defendants that Plaintiff's claim of alleged violation of the Americans With Disability Act is subject to dismissal. Plaintiff has failed to allege any disability covered by the Act, and the mere fact that Stagecoach provides services to disabled persons does not allege or give any notice of any covered actual or perceived disability of Plaintiff or conduct that would violate that Act with respect to Plaintiff. This count is dismissed.

**Conclusion**

Mr. Tudisca's claims for recovery under negligence and the Americans With Disability Act are dismissed, and his request to reconsider this dismissed Title VI claims is denied.

The renewed motion to dismiss Mr. Tudisca's claims for violation of the Vermont Public Accommodations Act, for alleged national origin and sexual orientation discrimination is denied, but to the extent he may seek to assert other undefined sexual orientation "discrimination" claims, they are dismissed.

_____

Michael J. Harris
Superior Court Judge

Notifications:
Plaintiff John V. Tudisca
Stephen J. Soule (ERN 3226), Attorney for Defendant Stagecoach Transportation Svcs
Stephen J. Soule (ERN 3226), Attorney for Defendant Kelly Wheatley
Emily C. Adams (ERN 6458), Attorney for party 2 Co-Counsel
Emily C. Adams (ERN 6458), Attorney for party 3 Co-Counsel